IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:16-CR-3072 |
| vs. | |
| RICKY JOSEPH JOHNSON, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report in this case. The defendant objects to the presentence report (filing 36) and has moved for a downward variance (filing 37).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has moved for a downward variance based on his personal circumstances. Filing 37. The Court will resolve this motion at sentencing.

3. The defendant objects to characterizations in the presentence investigation report which suggest that two state controlled substance charges, which were ultimately dismissed, may be relevant to the underlying offense. The presentence report indicates that the state cases were dismissed as a result of the defendant's federal indictment, and could be considered "relevant conduct," but that they are not included in the defendant's base offense level because the drug quantities involved were not available. The report does suggest that, in light of the dismissed state cases, a sentence at the high end of the guideline imprisonment range may be warranted.

   The defendant does not dispute the presentence report's description of the facts regarding the dismissed charges. But the defendant argues that the charges were separate and distinct from the underlying offense, and objects to the presentence report's characterization of those charges as "relevant conduct." *See* filing 36. The Court, however, does not understand the presentence report to have considered the dismissed charges as "relevant conduct" for purposes of calculating the guideline range. Rather, the Court understands the probation office only to be ensuring that the Court is fully advised of all the facts and circumstances that may be pertinent to the Court's sentencing decision.

   Accordingly, the Court will overrule the defendant's objection, but will take the defendant's point: the Court will consider both the conduct underlying the dismissed charges, and the defendant's argument that the charges are separate and distinct from the conduct charged in this case, along with all the other evidence and argument before the Court, in making its determination pursuant to § 3553(a).

4. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the

preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

5. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

6. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

7. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 3rd day of January, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge